**UNITED STATES of America, Appellee,**

v.

**Carl Alvin MERCHANT, Jr., Appellant.**

**No. 82–1740.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1982.

Decided Nov. 18, 1982.

Richard L. Johnson, Sioux Falls, S.D., for appellant.

Philip N. Hogan, U.S. Atty., D.S.D., John J. Ulrich, Asst. U.S. Atty., D.S.D., Sioux Falls, S.D., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

On January 27, 1982, an indictment was filed charging Carl Alvin Merchant, Jr., and Richard Roger Fredricksen with receiving, concealing, storing, or aiding and abetting in the receipt, sale, or storage of stolen goods, in violation of 18 U.S.C. § 2315 and 18 U.S.C. § 2. After a jury trial, the defendant Carl Alvin Merchant, Jr., was convicted as charged and sentenced to a term of imprisonment for ten years. Richard Roger Fredricksen was acquitted.

On appeal, Merchant alleges that the trial court erred in (1) refusing to dismiss the indictment on the ground that because it was phrased in the disjunctive it did not apprise Merchant with reasonable certainty of the accusations against him; (2) refusing to sever the trials of Merchant and his codefendant Fredricksen; (3) refusing to grant Merchant's motion for a judgment of acquittal based upon insufficiency of the evidence; and (4) abusing its discretion in sentencing Merchant to ten years imprison-

ment, the statutory maximum. We affirm the district court.

█ The indictment charging Merchant read as follows:

On or about the 11th day of April, 1981, Carl Alvin Merchant, Jr., and Richard Roger Fredricksen did receive, conceal, store or aid and abet in the receipt, concealment, storage of goods, wares or merchandise, that is, tools, mechanics equipment and machinery of a value more than $5,000, which were moving as, were a part of and constituted interstate commerce, from the State of Nebraska to the State of South Dakota, knowing the same to have been stolen, in violation of 18 U.S.C. § 2315 and § 2.

Merchant argues that this indictment did not give him definite notice of the offense charged. *See United States v. Donovan,* 339 F.2d 404, 408 (7th Cir.1964), *cert. denied,* 380 U.S. 975, 85 S.Ct. 1338, 14 L.Ed.2d 271 (1965). This contention is without merit. The indictment alleges violations of 18 U.S.C. § 2315[1] as the substantive crime. The charges of aiding and abetting, in violation of 18 U.S.C. § 2, simply makes one who aids and abets the commission of the substantive crime punishable as a principal. Section 2 does not define a crime. The one count indictment in this case thus apprised Merchant with reasonable certainty of the accusations against him. *Cf. United States v. Hicks,* 619 F.2d 752, 758 (8th Cir.1980).

█ Merchant next alleges that the district court erred in denying his motion for severance. Prior to trial, Merchant moved the district court to sever his trial from that of his codefendant Fredricksen on the ground that Fredricksen had given a written statement that incriminated Merchant

and if Fredricksen testified, his testimony at trial would irreparably prejudice the jury against Merchant. The district court denied the motion, but ordered that the written statement not be introduced unless Fredricksen testified at trial. *See generally Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1969).

Fredricksen testified at trial, and he also called a witness, Mrs. Betty Huitt, on his behalf. Fredricksen's defense was that although the stolen merchandise was recovered from his shed, he was fishing at the time the tools were allegedly stolen and he did not know they were stolen until the police came to retrieve them. Fredricksen's testimony linked defendant Merchant to the stolen tools[2] and the truck[3] that was allegedly used to transport them across state lines, but did not directly implicate him in the crime. Mrs. Betty Huitt testified that the "Merchant kids"—defendant and his brother Jimmy—wanted Fredricksen to look at some tools which "they" put in Fredricksen's shed, and that Fredricksen was surprised to learn of the presence of the tools in his shed. Merchant presented no direct evidence in his defense.

Merchant argues that the prejudice caused by Fredricksen's and Mrs. Huitt's testimony was great, in that at a minimum it tended to incriminate him as an accomplice with his brother Jimmy. He alleges that the trial court abused its discretion in denying his severance motion because Fredricksen's testimony was antagonistic and denied him a fair trial. We find no abuse of discretion in this case. Merchant has not demonstrated that his theory of defense was irreconcilable with that of his codefendant. *United States v. Boyd,* 610 F.2d

1. 18 U.S.C. § 2315 provides: "Whoever receives, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise * * * of the value of $5,000 or more * * * knowing the same to have been stolen, unlawfully converted, or taken" shall be subject to a fine of "not more than $10,000 or imprison[ment of] not more than ten years, or both."

2. Fredricksen stated that Jimmy and Carl Merchant came to him, and Jimmy indicated that "[w]e have some tools." Fredricksen testified

that although defendant Merchant was with his brother Jimmy, "Carl never said a word."

3. Fredricksen testified that Merchant and his brother Jimmy had approached him about buying a Wonder Bread van, which Fredricksen had just purchased. Jimmy Merchant purchased this van prior to the date the tools were stolen. Carl Merchant drove the van to Fredricksen's property the day that he was arrested by police.

521, 526 (8th Cir.1979), *cert. denied sub nom., Clark v. United States,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). Acceptance of Fredricksen's defense by the jury in this case would not preclude an acquittal of Merchant. The jury could have believed that Fredricksen did not commit any illegal actions and did not know that the tools were stolen *and* that Merchant was also not guilty of the crime for which he was charged. Fredricksen was subject to cross-examination by Merchant's counsel, and we cannot say that his and Merchant's defenses were mutually exclusive. The trial court did not err in refusing to sever their trials.

Merchant also claims that the district court erred in denying his motion for a judgment of acquittal based upon insufficiency of the evidence. We find that the evidence presented by the government was sufficient to sustain Merchant's conviction. On April 10, 1981, Merchant was seen by implement dealer Ervin Eisenmenger in West Point, Nebraska, near a white, "bread truck type van" believed to be the vehicle which transported the stolen goods from West Point, Nebraska, to Jefferson, South Dakota. Eisenmenger's implement dealership was burglarized either later that evening or in the early morning the next day. Fresh tire tracks were observed on the inside floor of the implement building and photographs were taken of the tracks. Between April 10 and 15, Merchant was seen by Roy Huitt in an old bread truck and Huitt testified that Merchant and his brother Jimmy had talked to him about "some tools that was taken in Nebraska someplace." This testimony is not "so confusing" that it fails to assist the government, as Merchant alleges. Finally, Merchant arrived on the scene at the time the police were recovering the stolen tools from Fredricksen's property in Jefferson, South Dakota. Merchant was driving an off-color, older Ford van, which had tires that matched the tire prints found inside the implement dealership. Because the jury could reasonably infer from these facts that Merchant was guilty of transporting stolen goods from Nebraska to South Dakota, we find that the trial court did not err in refusing to grant Merchant's motion for a judgment of acquittal.

Merchant's final argument is that the district court erred in sentencing him to a term of ten years, the statutory maximum. Merchant does not challenge his sentence on the ground that the trial judge considered false information or false assumptions concerning him in deciding his sentence, and upon a review of the record in this case we cannot say that his sentence was an abuse of discretion. *See Orner v. United States,* 578 F.2d 1276, 1280 (8th Cir. 1978).

Judgment affirmed.