UNITED STATES of America, Appellee,

v.

John M. PAPAJOHN, Jr., Appellant.

No. 82–1654.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1982.

Decided March 11, 1983.

Gerald B. Lefcourt, P.C., New York City, for appellant; Joshua L. Dratel and Erica Horwitz, New York City, of counsel.

Robert L. Teig, Asst. U.S. Atty., N.D. Iowa, Cedar Rapids, Iowa, for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

HENLEY, Senior Circuit Judge.

John M. Papajohn, Jr. appeals the order of the district court[1] denying without a hearing his motion for modification of sentence, filed pursuant to Federal Rule of Criminal Procedure 35. We affirm.

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa.

2. At the government's request, Counts 1 and 2 of the indictment were dismissed by the court after appellant entered a plea of guilty to Count 3.

On February 6, 1980 appellant was indicted on charges of possession with intent to distribute cocaine and conspiracy to distribute and to possess with intent to distribute cocaine. The indictment named seven conspirators, including appellant. A superseding indictment filed on May 22, 1980 added a coconspirator. A final superseding indictment filed on June 25, 1980 named two additional participants in the cocaine distribution scheme. Counts 1 and 2 of the June 25 indictment alleged respectively that appellant possessed with intent to distribute one-half pound of cocaine in November, 1978 and August, 1979. Count 3 repeated the conspiracy charges contained in the original indictment.

Although an arrest warrant was issued one day after the initial indictment was filed appellant remained at large until August 19, 1981, when he was arrested in Florida.

As part of a plea bargain, appellant pleaded guilty to Count 3 of the June 25 indictment.[2] Before sentencing appellant the district court ordered the preparation of a presentence report. The report contained the prosecution's version of the drug trafficking activity, which placed appellant at the hub of the conspiracy, and the defense's version of events, which stated that appellant was merely a courier who brought cocaine from the Florida source to the principal member of the conspiracy in Iowa and returned to Florida with the proceeds of cocaine sales to pay the source.[3] The presentence report also noted,

> Investigative agents have advised that Papajohn was aware ... that he was wanted by authorities from the time of the arrest of [one of his coconspirators] on January 24, 1980. Further, [defense counsel for another coconspirator arrested on the same date] stated he was con-

---

3. We are advised that eight of the coconspirators with Papajohn pleaded guilty to some degree of criminal participation in drug or drug related activities. A ninth, Mark Prieskorn, was convicted following trial. The activity of some of the alleged conspirators to some extent is set forth in *United States v. Prieskorn*, 658 F.2d 631 (8th Cir.1981).

tacted by Papajohn following the[se] arrest[s] . . . . At that time, he instructed Papajohn that there was a warrant for his arrest and told him that he should turn himself in.

The Drug Enforcement Administration also advised that a reliable informant stated that for the past year, the defendant has continued to traffic in multipound quantities of cocaine between New York and Florida, utilizing couriers. At the time of the defendant's arrest on August 19, 1981, at Pompano Beach, Florida, he was using the alias Evan Steen and advised officers that his drivers license, bearing that name, was in the glove compartment of his automobile. It was subsequently verified that the car he was driving, a 1978 Mercury Marquis, had been purchased by the defendant for $3,900.00 in cash.[4] The defendant utilized a different alias, Chris Wolfe, to purchase the vehicle. Found in the trunk of the car at the time of the defendant's arrest was a scale, and ½ pound of cocaine.

Appellant's statements refuting the quoted portions of the presentence report were also contained therein. He indicated that one of his coconspirators called to inform him of the arrests, but denied being advised by defense counsel for another participant in the conspiracy that a warrant for his arrest had been issued. Appellant asserted that following the arrest of his coconspirators he returned to New York, where he lived openly with his parents. In addition, he stated,

[H]e later did utilize false identification and admitted that at the time of his arrest, had over $1,000.00 in cash on his person and cocaine in the trunk of the vehicle he was using. However, he contended that the vehicle was not his car.

He further stated that he had ceased trafficking in drugs for one year following the arrest of his codefendants but then more recently had resumed his activities.

Although appellant did not personally read the presentence report before or during the sentencing hearing, his attorney reviewed a copy of it. At the hearing, appellant again maintained that he was not the central figure in the conspiracy, but was only a courier who brought cocaine from Florida to the principal conspirator in Iowa and money from Iowa to Florida. This point was the only one raised by appellant during the sentencing proceeding.[5] The district court subsequently sentenced appellant to a ten year term of imprisonment and fined him $10,000.00.

After appellant was sentenced he filed the Rule 35 motion, denial of which he now appeals. In the motion he alleged that he was sentenced based on material errors in the presentence report. Specifically, he challenged the government's assertions in the report that he was the central figure in the conspiracy, trafficked in large amounts of cocaine during the year after his indictment, and was a fugitive. The motion was accompanied by the affidavit of one of his coconspirators who had cooperated with the government. The affidavit asserted that appellant was merely a courier. In denying the motion the district court stated,

[The] alleged errors are clearly without merit. The pre-sentence report presented both the prosecution's and the defendant's versions of Papajohn's involvement in the conspiracy. Both the pre-sentence report and the defendant's own testimony at the sentencing proceeding informed the court of defendant's position that he was merely a middleman, and not a pri-

---

4. The presentence report contained information on appellant's employment history. It stated,

The only verified employment for the defendant since 1975, has been the work he has done in his father's stationery store. He worked in the store since childhood. He advised that he never received a set salary. . . . [H]is employment continued until the business was sold [in 1979].

5. In his brief on appeal appellant asserts that he did not raise any other objections to the presentence report because he was not permitted to personally examine the report before or during the sentencing hearing and therefore could not advise his attorney of any other errors.

mary member of the conspiracy. Defendant's assertion that he was not a fugitive is also without merit. The original indictment was filed on February 6, 1980. A warrant for defendant's arrest was issued on February 7, 1980. Defendant avers in his currently pending motion that he remained in his parents' New York residence subsequent to the issuance of the warrant. However, he was arrested in Florida, while using an assumed name, on August 19, 1981. Finally, despite defendant's assertion that he was involved in no subsequent drug transactions, a scale and one-half pound of cocaine were found in the trunk of his car at the time of his arrest.

*United States v. Papajohn,* No. CR 80–1, slip op. at 2 (N.D.Iowa May 19, 1982) (order).

On appeal, Papajohn asserts that the trial court's reliance on the allegedly erroneous information contained in the presentence report in passing sentence and its refusal to hold a hearing to determine the validity of the report's unsupported hearsay allegations constituted an abuse of discretion and deprived him of due process. We reject this contention.

■■■ A trial court has wide discretion in making a sentencing determination. *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972); *Orner v. United States,* 578 F.2d 1276, 1278 (8th Cir.1978). The sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U.S. at 446; *Orner v. United States,* 578 F.2d at 1278; 18 U.S.C. § 3577 (1976); *see* Fed.R.Crim.P. 32(c)(2). Information that may properly be considered includes, *inter alia,* criminal activity for which the defendant has not been prosecuted and uncorroborated hearsay evidence that the defendant has had an opportunity to explain or rebut. *United States v. Ray,* 683 F.2d 1116, 1120 (7th Cir.1982) (citing *United States v. Plisek,* 657 F.2d 920, 926–27 (7th Cir.1981)); *Farrow v. United States,* 580 F.2d 1339, 1360 (9th Cir.1978).

■■ Due process does not mandate an evidentiary hearing to establish the accuracy of this or other information contained in a presentence report before it can be considered by the trial court. *Farrow v. United States,* 580 F.2d at 1360. Rather, "[i]n the context of sentencing, due process requires balancing the need for reliability with the need to permit consideration of all pertinent information." *Orner v. United States,* 578 F.2d at 1279. Although a defendant who contests the accuracy of presentence report material on which the court relies in imposing sentence must be given an opportunity to explain or rebut this information, *United States v. Aguero-Segovia,* 622 F.2d 131, 132 (5th Cir.1980); *Orner v. United States,* 578 F.2d at 1279; Fed.R. Crim.P. 32(c)(3)(A), the procedure for rebuttal "lies within the sound discretion of the sentencing judge, and the exercise of discretion in this regard will not be overturned in the absence of plain error or an abuse of that discretion." *Orner v. United States,* 578 F.2d at 1279; *see Farrow v. United States,* 580 F.2d at 1360. Likewise, only a clear abuse of discretion will warrant reversal of a trial court's post-sentencing determination, in connection with a Rule 35 motion to reduce sentence, that the sentence under attack was imposed fairly. *See, e.g., United States v. Bedrosian,* 631 F.2d 582, 583 (8th Cir.1980).

■■ We find no abuse of discretion in the case before us. The presentence report here contains both Papajohn's and the prosecution's versions of appellant's role in the drug conspiracy, his alleged post-indictment cocaine trafficking activity, and his alleged fugitive status. The transcript of the sentencing hearing clearly shows that appellant was given and took the opportunity to reiterate his position that he was merely a middleman rather than the central figure in the conspiracy. Although neither he nor defense counsel raised any other objection to material contained in the presentence report during the sentencing proceeding, appellant presented the two other allegations of error in his Rule 35 motion. These

claims, in addition to the matter raised at the sentencing hearing, were considered by the district court, which found that they were without merit. Clearly, appellant received everything to which he was entitled under the decisions cited. Not only is his account of the conspiracy and of the other events in dispute contained in the presentence report, but he also had ample opportunity to expound on these matters at the sentencing hearing and in support of his motion to reduce sentence.

Nothing in the record on appeal warrants disturbing the district court's denial of appellant's motion. The procedure selected by the court in testing the reliability of the challenged matters was well within its discretion. *See Orner v. United States,* 578 F.2d at 1279; *Farrow v. United States,* 580 F.2d at 1360. Moreover, the admissions made by appellant when he pleaded guilty to Count 3 of the indictment, the presentence report, the transcript of the sentencing hearing, and the district court's order denying the Rule 35 motion reflect a basis for the court's belief that the government's version of the challenged events was the more credible one presented.

Finding no reversible error, we conclude that the judgment of the district court should be, and it is, affirmed.