899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ted Allen FOWLER, Defendant-Appellant.
 No. 89-5276.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ted Allen Fowler appeals the sentence he received under the sentencing guidelines. The defendant entered into a plea agreement with the government whereby he would plead guilty to one count of the indictment and the government in exchange would dismiss all other counts, including a drug conspiracy count. The defendant pled guilty to count 13--possession with intent to distribute methamphetamine. The government specified that the amount of methamphetamine the defendant had in his possession at the time of arrest was 7.2 grams, but it consistently maintained that the court would take into account other relevant conduct in sentencing the defendant.
 
 
 2
 Following testimony by several witnesses at the sentencing hearing, the district court found that the government had established by a preponderance of the evidence that Fowler had sold 29 ounces of methamphetamine from September 1987 until his arrest on July 23, 1988. The district court based Fowler's sentence under the guidelines on the 29 ounce quantity of methamphetamine. For his violation of 21 U.S.C. Sec. 841(a)(1) (1984) carrying a maximum penalty of twenty years imprisonment, the defendant received 46 months in prison and a $7,500.00 fine.
 
 
 3
 Fowler argues on appeal that the sentencing guidelines are unconstitutional as applied to him because they permit punishment without plea or trial for other uncharged bad acts, proved with a less stringent burden of proof, where the bad acts could have been prosecuted under a count of the indictment which was dismissed. The Supreme Court has held that at a sentencing hearing use of the preponderance of the evidence standard satisfies due process concerns. McMillan v. Pennsylvania, 477 U.S. 79, 91 (1985). Furthermore, the sentencing guidelines require that the district court consider in sentencing under the guidelines all quantities of drugs part of the defendant's same course of conduct or a common scheme or plan--including quantities charged in dismissed counts of an indictment. United States v. Smith, 887 F.2d 104, 108-09 (6th Cir.1989).
 
 
 4
 Therefore, the only question presented in this appeal is whether or not this policy violates due process of law. The district court judge answered this question correctly when he commented to the defendant's lawyer during sentencing:
 
 
 5
 "I might point out, too, Mr. Dupree, it's an interesting question you raise, but the courts have--even before the guidelines--held that you can consider other than--other than indicted conduct in connection with setting sentences in criminal cases. We do it here all the time."
 
 
 6
 Likewise, the Sixth Circuit recently stated in regard to the court's consideration of all conduct relevant to an offense under the guidelines, including acts part of the same course of conduct or a common scheme or plan: "This method of sentencing is not new with the guidelines. Historically, courts have always been able to examine conduct in sentencing that was not part of the specific conviction." United States v. Ykema, 887 F.2d 697, 700 (6th Cir.1989), citing United States v. Papajohn, 701 F.2d 760, 763 (8th Cir.1983). Indeed, a trial court traditionally has possessed wide discretion in imposing sentence and "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." United States v. Tucker, 404 U.S. 443, 446 (1972).
 
 
 7
 The broad inquiry that the sentencing guidelines invite the district court to undertake during sentencing is constitutionally permissible. In the instant case the district court correctly followed the relevant sections of the sentencing guidelines and applied the appropriate preponderance standard to evidence of the defendant's illegal drug activities presented at the sentencing hearing. Accordingly, the judgment of the district court is affirmed.