966 F.2d 1458
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Aaron Dewayne GOODFACE, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 91-3641.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 9, 1992.
Filed: June 24, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Aaron DeWayne Goodface appeals from the final order entered in the District Court[1] for the District of South Dakota denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons discussed below, we affirm.
 
 
 2
 In March 1987 Goodface was sentenced to consecutive five-year terms for assault with a dangerous weapon and use of a firearm during a crime of violence. Goodface appealed and this court affirmed. United States v. Goodface, 835 F.2d 1233 (8th Cir. 1987). In January 1988 Goodface moved through counsel for a reduction of sentence under former Fed. R. Crim. P. 35(b) (applicable to offenses committed before November 1, 1987). Goodface sought the reduction based on family and personal circumstances. The district court denied the motion; Goodface did not appeal. In October 1988 Goodface filed a pro se motion for a new trial, claiming for the first time that he was denied effective assistance of counsel and, as a Native American, he was denied a fair trial because the jury selection process was racially discriminatory. The district court denied the motion as untimely, but noted the claims might be cognizable under § 2255.
 
 
 3
 In July 1991 Goodface filed the instant motion claiming, inter alia, his trial counsel was ineffective for failing to appeal the denial of the Rule 35 motion and for failing to challenge the all-white jury and the venire selection process. He argued the selection process (based on voter registration lists) was discriminatory in that few Native Americans register to vote. He claimed that the process and the resulting trial by an all-white jury denied him a fair trial. The district court denied the motion without an evidentiary hearing. On appeal Goodface makes essentially the same arguments.
 
 
 4
 Goodface may not raise in this motion substantive jury claims which should have been raised on direct appeal. As the district court noted, this court held in Peltier v. United States, 867 F.2d 1125, 1126 (8th Cir. 1989), that the prisoner had "waived his opportunity to argue discrimination in the jury selection process" by not raising the issue on direct appeal. Moreover, "Peltier's attempt to cure his default by alleging ineffective assistance" failed because we deemed reasonable counsel's decision not to challenge the District of North Dakota jury selection plan (based on voter registration) which we had already upheld. Id. That plan appears to be similar to the selection plan used here in the District of South Dakota. To establish that his jury selection claim had merit, Goodface needed to show an intentionally discriminatory practice, that is, a practice resulting in deliberate exclusion of Native Americans from the juror selection process. See id. We agree with the district court that Goodface has not met that burden. We also agree that Goodface has not shown actual bias on the part of any juror serving at his trial. Thus, he has not shown counsel was ineffective for failing to pursue these claims.
 
 
 5
 As for the ineffectiveness claim related to the Rule 35 motion, this court will reverse the denial of a motion to reduce sentence under Rule 35(b) only if the district court has clearly abused its discretion. United States v. Papajohn, 701 F.2d 760, 763 (8th Cir. 1983). Goodface has failed to show that the denial was an abuse of discretion or that he was prejudiced by counsel's failure to appeal.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Porter, United States District Judge for the District of South Dakota