999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard RAU, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2516.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before RYAN and BOGGS, Circuit Judges, and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Richard Rau appeals a district court judgment denying his motion to vacate, set aside or correct his sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Rau was convicted on one count of conspiracy to distribute marijuana, based on his participation in a drug trafficking scheme that operated from December 1983 until October 1987. He was sentenced to serve a ten-year term of imprisonment and to pay a $20,000 fine and a $50 special assessment. The conviction was affirmed on appeal. United States v. Bakke, 942 F.2d 977, 986 (6th Cir.1991).
 
 
 4
 In a motion to vacate, set aside or correct sentence, Rau claimed that he received ineffective assistance of counsel at sentencing. He alleged that the objections to the presentence report submitted by counsel were so poorly prepared as to be incomprehensible. He maintained that, as a result, his sentence was unlawfully based on inaccurate information in the presentence report.
 
 
 5
 Upon review, we conclude that the motion to vacate sentence was properly denied because Rau has not shown a fundamental defect in the proceedings that results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 To succeed on a claim of ineffective assistance of counsel, Rau must show that counsel's performance was deficient and a reasonable probability that but for the deficiency, the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Where defense counsel's failure to object to inaccuracies in the presentence report is the principal allegation of ineffectiveness, Rau must prove that the sentencing court relied on inaccuracies in the report in order to demonstrate actual prejudice. See United States v. Stevens, 851 F.2d 140, 145 (6th Cir.1988).
 
 
 7
 Review of the record does not show that defense counsel failed to make objections to the presentence report, but rather that he was unsuccessful in persuading the district court to reject allegations of Rau's continuing involvement with drugs, to clarify a statement about gun shots, or to disregard Rau's claim to $15,500 cash seized during an arrest in Utah. Review of the record also shows that these and other controverted matters were addressed by the district court as required under Fed.R.Crim.P. 32(c)(3)(D). Finally, review of the record shows that Rau was given an opportunity to speak on his own behalf and that he raised no objections to the presentence report.
 
 
 8
 Rules 32(c)(3)(A) and (D) require that defendant be provided an opportunity to comment on factual allegations in the presentence report and that the district court make findings as to any disputed matters or determinations that such matters will not be relied on at sentencing. The procedure for reviewing controverted matters is within the district court's discretion and will not be disturbed absent clear error or an abuse of that discretion. See United States v. Papajohn, 701 F.2d 760, 763 (8th Cir.1983). The district court in the present case carefully reviewed the presentence report in light of the objections raised by counsel. In response to the objections, the district court ordered that portions of the report be stricken, made findings as to the accuracy of certain allegations, and advised Rau and his counsel that certain other matters would not be considered in sentencing. Rau's claims that he was denied a meaningful opportunity to voice objections and that his counsel's assistance was ineffective due to his failure to persuade the court on the particular matters presented here simply lack merit.
 
 
 9
 Rau also complained that the imposition of a fine and the district court's failure to clarify a statement about gun shots or to delete statements about violent acts of his codefendants resulted in more restrictive conditions of confinement. These claims are unavailing because complaints about the execution of sentence are not cognizable in a motion to vacate sentence under 28 U.S.C. § 2255. See United States v. Jalili, 925 F.2d 889, 893 (6th Cir.1991).
 
 
 10
 Finally, in its brief on appeal, respondent notes that the notice of appeal was filed 62 days after entry of the district court's decision. Respondent suggests that the notice of appeal was untimely, and that the court lacks jurisdiction over this appeal. Respondent's concerns are unfounded. The district court's judgment was entered on August 25, 1992; the time for filing the notice of appeal expired on October 24, 1992. See Fed.R.App.P. 4(a)(1). Because the last day of the relevant time period fell on a Saturday, the time was extended, by operation of Fed.R.App.P. 26(a), until the following Monday. The notice of appeal, filed on October 26, 1992, was therefore timely.
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, U.S. District Judge for the Middle District of Tennessee, sitting by designation