IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIN SMACK, | § | |
| | § | No. 601, 2016 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 1505015401 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: September 27, 2017
Decided: October 11, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 11th day of October, 2017 having considered the briefs and the record below, it appears to the Court that:

(1) Adrin Smack pleaded guilty to four counts of drug dealing, one count of possession of a firearm by a person prohibited, and one count of conspiracy second degree. At sentencing, the State claimed that Smack acted as a "kingpin" in a drug operation and should be sentenced to the fifteen years recommended by the State instead of the eight years recommended by the defendant. Smack requested an evidentiary hearing as part of sentencing, and argued that the State must prove his status as a drug "kingpin" by a preponderance of the evidence. The Superior Court

denied Smack's request for an evidentiary hearing and ruled it could consider evidence offered by the State at sentencing if it met a "minimal indicia of reliability" standard. The court sentenced Smack to an aggregate of fourteen years at Level V followed by probation. Smack appeals and argues the Superior Court violated his due process rights by denying him an evidentiary hearing and applying the wrong burden of proof at sentencing. According to Smack, the State was required to prove by a preponderance of the evidence that Smack was a drug kingpin. Because this Court has previously upheld the use of a minimal indicia of reliability standard to consider evidence offered at a sentencing hearing, and due process does not require an evidentiary hearing, we affirm the Superior Court's decision.

(2) In April 2015, the FBI tapped Smack's cell phone and intercepted communications between Smack and his codefendant, Al-Ghaniyy Price, regarding contraband in Price's home. A search revealed two guns, a tactical vest, $16,108 in cash, and 803 bundles of heroin. Smack was charged with seventy-one counts of drug dealing, one count of possession of marijuana, one count of giving a firearm to a person prohibited, five counts of possession of a firearm by a person prohibited, and two counts of conspiracy second degree. Smack pleaded guilty to four counts of drug dealing, one count of possession of a firearm by a person prohibited, and one count of conspiracy second degree.

(3)     At the June 22, 2016 sentencing hearing, the State presented evidence to show that Smack was a mass distributor of drugs.  Smack maintained he was a small-time retail dealer.  The hearing was continued to allow Smack to support his contention that facts relied on by the State at sentencing must be proven by a preponderance of the evidence.  In addition, he argued that he should have the opportunity to cross-examine witnesses at an evidentiary hearing to challenge the State's evidence that he was a kingpin in the trafficking organization.

(4)     On November 17, 2016, the court held that evidence could be considered at sentencing as long as it had minimal indicia of reliability.  The court also denied Smack's request for an evidentiary hearing.  The court sentenced Smack to an aggregate of fourteen years at Level V followed by decreasing levels of supervision.[1]  Smack appeals, arguing the court violated his due process rights by applying the minimal indicia of reliability standard and by denying his request for an evidentiary hearing.  This Court reviews questions of law and constitutional claims *de novo*.[2]

---

[1] Specifically, the Court sentenced Smack for Tier 4 drug dealing: 20 years at Level V suspended after 6 years, 6 months at Level 4, and 12 months at Level III; for Tier 4 drug dealing: 20 years at Level V suspended after 6 years and 18 months at Level III; for two counts of drug dealing: 8 years at Level V suspended after 1 year and 18 months at Level III; for possession of a firearm by a person prohibited: 2 years at Level V suspended for 12 years at Level III; for conspiracy second degree: 2 years at Level V suspended for 1 year at Level III.  Opening Br. Ex. B.

[2] *Zebroski v. State*, 12 A.3d 1115, 1119 (Del. 2010).  The State argues that an abuse of discretion standard applies.  While this Court reviews a sentencing decision for an abuse of discretion, *Fink v. State*, 817 A.2d 781, 790 (Del. 2003), Smack "is not seeking review of the specific sentence

3

(5)     First, this Court settled the evidentiary standard in *Mayes v. State*, holding that "in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability."[3]  Smack argues *Mayes* does not apply because the standard was not contested.  But the fact the standard was not at issue is irrelevant—the Court explicitly stated the sentencing judge "comported with due process by relying on information meeting the 'minimal indicium of reliability beyond mere allegation' standard."[4]  Subsequent cases rely on *Mayes* in applying this standard.[5]

(6)     Smack relies on a series of federal cases where the court applied a preponderance of the evidence standard to establish facts warranting a sentence enhancement under the federal sentencing guidelines.[6]  According to Smack, the same burden of proof should apply to the State when it argued for a harsher sentence

---

imposed."  Reply Br. at 1.  Rather, Smack appeals "the Superior Court's legal determination" regarding the burden of proof and evidentiary hearing. *Id.*  Therefore, we apply a *de novo* standard of review. *Zebroski*, 12 A.3d at 1119.

[3] *Mayes v. State*, 604 A.2d 839, 843 (Del. 1992); *see also Laboy v. State*, 663 A.2d 487, at *1 (Del. 1995); *Lake v. State*, 1984 WL 997111, at *1 (Del. Oct. 29, 1984).

[4] *Mayes*, 604 A.2d at 840.

[5] *See Davenport v. State*, 150 A.3d 274, 274 n.22 (Del. 2016), *cert. denied*, 137 S. Ct. 1447 (2017); *Scannapieco v. State*, 140 A.3d 434 (Del. 2016); *Turner v. State*, 93 A.3d 655, at *2 (Del. 2014).

[6] *United States v. Watts*, 519 U.S. 148, 156 (1997); *Nichols v. United States*, 511 U.S. 738, 748 (1994); *McMillan v. Pennsylvania*, 477 U.S. 79, 91 (1986); *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

4

based on Smack's status as a drug kingpin. The federal cases, however, are inapposite. Under the federal sentencing guidelines, the judge must find facts at sentencing using evidentiary burdens because those factual determinations can cause an increase in the sentencing ranges under the guidelines.[7] Here, Smack's guilty plea resulted in a sentencing range of two to seventy-six years.[8] To fix the sentence *within* that statutory range, the judge was entitled to consider all facts that had a minimal indicia of reliability—including the intercepted text messages and phone conversations that led to the seventy-seven charges of drug dealing brought against Smack.[9] The court could and did find from these facts that Smack was more than a street-level drug dealer.

(7) Second, "due process does not necessitate a full evidentiary hearing to determine the reliability of the information."[10] It only requires the defendant be

---

[7] *United States v. Lee*, 625 F.3d 1030, 1034–35 (8th Cir. 2010) ("[D]ue process never requires applying more than a preponderance-of-the-evidence standard for finding sentencing facts, even where the fact-finding has 'an extremely disproportionate impact on the defendant's advisory guidelines range.'") (quoting *United States v. Villareal-Amarillas*, 562 F.3d 892, 897 (8th Cir. 2009)); *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999) ("The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement.").

[8] App. to Answering Br. at 1. Smack pleaded guilty to two counts of Drug Dealing Class B, which has a range of two to twenty-five years. 11 *Del. C.* § 4205(b)(2). He pleaded guilty to two counts of Drug Dealing Class D and one count of Possession of a Firearm by a Person Prohibited, which each have a maximum of eight years. *Id.* §§ 1448, 4205(b)(4). And he pleaded guilty to one count of Conspiracy Second Degree, which has a maximum of two years. *Id.* §§ 512, 4205(b)(7).

[9] App. to Opening Br. at 225–27.

[10] *Lake*, 1984 WL 997111, at *1; *see also United States v. Papajohn*, 701 F.2d 760, 763 (8th Cir. 1983); *Farrow v. United States*, 580 F.2d 1339, 1360 (9th Cir. 1978); *United States v. Rosner*, 485 F.2d 1213, 1230 (2d Cir. 1973); *United States v. Malcolm*, 432 F.2d 809, 817 (2d Cir. 1970).

allowed to explain or rebut the evidence presented.[11] The court did not abuse its discretion in denying an evidentiary hearing because Smack had, and took, the opportunity to argue he was a middleman in the conspiracy and not the kingpin.[12]

(8) The Superior Court did not err by applying a minimal indicia of reliability standard or by denying the evidentiary hearing.

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[11] Super. Ct. Crim. R. 32(1)(B)–(C) (requiring the court to "(B) Afford counsel for the defendant an opportunity to speak on behalf of the defendant, and (C) Address the defendant personally and determine if the defendant wishes to make a statement and to present any information in mitigation of the sentence"); *Lake*, 1984 WL 997111, at *1 ("[A] defendant who contests the accuracy of information contained in a presentence report must be given the opportunity to explain or rebut any uncorroborated evidence . . . . Discretion to rebut, however, lies in the hands of the sentencing judge . . . ."); *Rosner*, 485 F.2d at 1230 (stating "[n]ormally, verbal explanation or comment is sufficient," to rebut evidence presented at sentencing).

[12] *State of Delaware v. Smack*, No. 1505015401, at 8–11 (Del. Super. Ct. Nov. 23, 2014) (TRANSCRIPT) ("Mr. Smack was no kingpin. He was a retail drug dealer . . . . He wasn't a supplier of other individuals. . . . There was no indication at all that Mr. Smack [was a] supplier to anyone else."); *cf. Papajohn*, 701 F.2d at 763 (denying evidentiary hearing because "[t]he transcript of the sentencing hearing clearly shows that appellant was given and took the opportunity to reiterate his position that he was merely a middleman rather than the central figure in the conspiracy").

6