UNITED STATES of America, Appellee,

v.

Richard LITTLE BOY, Appellant.

No. 78–1066.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1978.

Decided June 26, 1978.

Richard O. Sharpe of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, S. D., for appellant.

Jeffrey L. Viken, Asst. U. S. Atty., Sioux Falls, S. D., argued, and David V. Vrooman, U. S. Atty., Sioux Falls, S. D., on brief, for appellee.

Before HEANEY and BRIGHT, Circuit Judges, and MacLAUGHLIN, District Judge.*

PER CURIAM.

Richard Little Boy appeals from a conviction for rape in violation of 18 U.S.C. §§ 1153, 2031 (1976). We reverse.

Little Boy admitted being present at the scene of the rape but denied participating. The prosecution's case implicating him rested solely on the testimony of the victim and of two acknowledged participants in the offense, Wayne High Hawk and Val High Hawk.

On direct examination, Wayne High Hawk described his participation in the rape and then, over objection by defense counsel, testified that he had pled guilty to the rape. Val High Hawk similarly testified that he intended to plead guilty as part of a plea bargain.[1] The sole issue on appeal is whether the district court erred in admitting the testimony relating to the guilty pleas.

In *United States v. Wiesle,* 542 F.2d 61, 62 (8th Cir. 1976), we stated that such evidence may be admitted for limited purposes with appropriate cautionary instructions:

Evidence that he entered a plea of guilty to the same offense is not error unless it is elicited as substantive proof of the defendant's guilt. Where it is introduced for other purposes, such as to impeach, to reflect on a witness' credibility, or to show the witness' acknowledgment of participation in the offense, evidence of a codefendant's guilty plea is clearly admissible. In such circumstances, the trial judge should instruct the jury that the evidence is received for this purpose alone and that the plea cannot form the basis of any inference as to the guilt of the defendant.

The testimony in the present case was admitted without a cautionary instruction and used for improper purposes by the prosecutor. In closing argument the prosecutor strongly implied that Wayne and Val High Hawk, who were honest enough to plead guilty and accept the responsibility for their actions, must have told the truth; by implication, therefore, Richard Little Boy must have been lying when he denied participating in the rape.[2] Thus, the prosecutor im-

---

* HARRY H. MacLAUGHLIN, United States District Judge, District of Minnesota, sitting by designation.

1. Defense counsel did not object to the question directed to Val High Hawk. The court, however, had already overruled the objection regarding Wayne High Hawk's testimony. Under these circumstances, we construe the objection as covering the testimony of both witnesses.

2. The prosecutor argued as follows:

The bottom line is, ladies and gentlemen, that two of those men, eyewitnesses to that act, took that stand and testified truthfully to you under oath and pointed their finger at that Defendant and said, "I raped her," or "I ad-

mit to my participation and he did, too. He struck her or he raped her too, and I saw it."
* * *

  *   *   *   *   *   *
Ladies and gentlemen, I want you to think about something in regard to Wayne High Hawk. Wayne High Hawk told you that he has plead [sic] guilty to raping Mrs. Hamill. I ask you, what does Wayne High Hawk have to gain by lying to you? What possible advantage would he have to gain by telling you a lie? None, none whatsoever. I submit to you that when he sat on that stand and he pointed at the Defendant and said that man, Richard Little Boy, raped Mrs. Hamill, that it was the truth; that it was not a lie. Wayne High Hawk *accepts the responsibility for his*

properly argued that the testimony in question served as a basis for establishing Little Boy's guilt.

In using the testimony as he did, the prosecutor merely seized an opportunity provided by the district judge, who failed to instruct the jury to limit its use of the testimony. Under the circumstances of this case, admission of the testimony without a cautionary instruction constituted prejudicial error. Accordingly, we reverse and remand for a new trial.

*criminal acts,* and he leveled with you and he told you the truth.

Val High Hawk, the young man, leveled with you, too. *He accepts the responsibility for his criminal acts,* too. He told you or he admitted to his role in that rape. * * *

You are looking for force and violence and we have got the fact of the rape, force and violence. Val High Hawk saw it and he told you. What does he have to gain by lying to you? He admitted to his participation. [Emphasis added.]