UNITED STATES of America, Appellee,

v.

Sammy Joe COOPER, Appellant.

No. 78–1702.

United States Court of Appeals,
Eighth Circuit.

Submitted March 12, 1979.

Decided April 16, 1979.

Warner Moore of Moore & Irby, Wichita, Kan., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., argued, Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before LAY, ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Appellant Sammy Joe Cooper challenges his conviction by the district court[1] of three counts of mail fraud in violation of 18 U.S.C. § 1341. We affirm.

Appellant operated a used car business in Lebanon, Missouri and in July of 1976 entered into a banking arrangement with officers of the Commerce Bank of Lebanon (Commerce). Under this arrangement Commerce extended a $30,000 line of credit to appellant secured by an inventory of his used cars. Additionally Commerce agreed to give appellant immediate credit on sight drafts presented to Commerce by the appellant for collection on cars sold by him.

The government's chief witness was Marc Gorges. Gorges testified that in October 1976 he purchased cars from the appellant for his used car business under an agreement whereby appellant delivered the cars to him and a sight draft containing the titles was forwarded to the First Bank and Trust in Sand Springs, Oklahoma (First Bank) where Gorges honored the drafts. From this course of dealing the scheme forming the basis of the three count indictment[2] developed. The appellant presented seven sight drafts to Commerce on three separate occasions[3] on cars that Gorges had not and did not intend to purchase. The bank then forwarded these drafts to First Bank to be honored by Gorges. Gorges was to honor the drafts with money furnished by appellant by means of presigned blank checks drawn on his account at Commerce. This scheme permitted appellant to borrow the money on the sight drafts for the period of time it took for the transactions to clear the two banks. This float was possible because appellant received immediate credit in the amount of each sight draft deposited

---

1. The Honorable William R. Collinson, United States District Judge for the District of Missouri presiding.

2. The indictment originally contained five counts of mail fraud. Two of the five counts were dropped by the government before trial because the dates of the alleged mailings were erroneous. Appellant contends that this constituted an unlawful amendment of the indictment and that the renumbering of Counts III, IV and V as Counts I, II and III led to confusion in the minds of the jury. This argument is without merit. The original Counts I and II were dropped before trial. A review of the record reveals that the original Counts III, IV and V were simply renumbered as Counts I, II and III and were never referred to by the court

or counsel as anything other than Counts I, II and III.

3. The evidence adduced at trial established that on November 15, 1976, appellant presented three sight drafts to Commerce, that on November 18, 1976, appellant again presented three sight drafts to Commerce and finally, on November 23, 1976, appellant presented one more sight draft to Commerce. On each occasion appellant represented the drafts were for used cars sold by him to Gorges and would be honored by Gorges at the First Bank and Trust in Sand Springs, Oklahoma. On each occasion Commerce mailed the drafts to First Bank and credited Cooper's account for the amount of each draft.

with Commerce. Gorges testified that prior to the seven sight drafts forming the basis of the indictment the scheme operated successfully and was not detected by either bank. The scheme broke down when Gorges refused to honor the seven drafts and they were returned unpaid to Commerce. He refused to honor them because several of appellant's presigned blank checks failed to clear Commerce due to insufficient funds. When the sight drafts failed to clear First Bank they were returned unhonored to Commerce. Commerce contacted appellant and at a meeting between officers of Commerce and appellant the scheme was uncovered. Gorges testified that appellant felt this scheme was necessary because he was at the limit of his line of credit with Commerce and needed money to repair used cars for resale.

Appellant raises several issues on appeal. First he argues that the district court evidenced "residual doubt" about his guilt and therefore erred in submitting the case to the jury. In this regard he argues that the mailings were not shown to be sufficiently closely related to his scheme to bring his conduct within 18 U.S.C. § 1341. Additionally he contends that the evidence was not sufficient to show his willful misuse of the mails. He also claims that the court erred in refusing to give an unrequested accomplice instruction and finally, Cooper contends that the trial judge erred in his interrogation of him.

■ Appellant testified in his own behalf after his motion for a directed verdict of acquittal was denied. Therefore we view all the evidence presented at trial in the light most favorable to the jury's verdict and accept as established all reasonable inferences which support the verdict. *United States v. Lambros*, 564 F.2d 26, 28 (8th Cir. 1977), *cert. denied*, 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978). The verdict of the jury must be sustained if there is substantial evidence, whether direct or circumstantial, supporting it. *United States v. Lambros, supra*, 564 F.2d at 28.

■ To establish a violation of § 1341 the government must prove a scheme to defraud and the mailing of a letter or other instrument for the purpose of executing the scheme. *Pereira v. United States*, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *United States v. Brown*, 540 F.2d 364, 373–74 (8th Cir. 1976). Although "it is not necessary that the scheme contemplate the use of the mails as an essential element," *Pereira v. United States, supra*, 347 U.S. at 8, 74 S.Ct. at 362, it is necessary for the mailings to be "sufficiently closely related to [appellant's] scheme to bring his conduct within the statute." *United States v. Maze*, 414 U.S. 395, 399, 94 S.Ct. 645, 648, 38 L.Ed.2d 603 (1974). If the appellant's scheme reached fruition prior to the mailings as did the respondents in *United States v. Maze, supra*, 414 U.S. at 402, 94 S.Ct. 645, the mailings were not sufficiently related to the scheme to bring his conduct within the statute.

■ Check kiting schemes are within the reach of the federal mail fraud statutes. *United States v. Gross*, 416 F.2d 1205, 1212 (8th Cir. 1969), *cert. denied*, 397 U.S. 1013, 90 S.Ct. 1245, 25 L.Ed.2d 427 (1970). Our examination of the evidence in this case convinces us that this scheme was a check kiting activity which produced a float of bank funds available to appellant. The government established a time lag between the depositing of the sight drafts with Commerce and the time they were to be honored at First Bank. The float did not reach fruition at the time appellant presented the sight drafts to Commerce and received immediate credit for them. The float was not completed until the drafts were mailed by Commerce to First Bank and honored. In fact it was not until November 1976 that the scheme was detected because until then all the sight drafts were honored by Gorges. We therefore hold that this scheme was sufficiently closely related to the mailings to bring it within the mail fraud statute. *United States v. Miles*, 498 F.2d 394, *cert. denied*, 419 U.S. 1021, 95 S.Ct. 495, 42 L.Ed.2d 294 (8th Cir. 1974).

■ Appellant argues the evidence did not show that he personally mailed the sight drafts or that there was a willful

misuse of the mails. The mailing requirement of 18 U.S.C. § 1341 requires only that the defendant caused the use of the mails and that this use was for the purpose of executing the scheme. *United States v. Maze, supra,* 414 U.S. at 399, 94 S.Ct. 645. The causation requirement is satisfied even where the defendant does not personally execute the mailing if the mailing was a reasonably foreseeable result of his actions. *Pereira v. United States, supra,* 347 U.S. at 8–9, 74 S.Ct. 358; *United States v. Brown, supra,* 540 F.2d at 376. The appellant testified at trial that he was aware of Commerce's procedures concerning sight drafts. The use of the mails by a Missouri bank to transmit sight drafts to an Oklahoma bank is foreseeable. The trial court properly submitted the case to the jury and the jury's verdict is supported by substantial evidence.

■ Next, appellant contends the trial court erred in failing to give an accomplice instruction on its own motion regarding Marc Gorges' credibility. The appellant did not request the instruction and concedes he must demonstrate plain error in order to prevail on this issue. We have reviewed the record and are convinced that the trial court's failure to give an accomplice instruction does not rise to the level of plain error. *United States v. Cady,* 495 F.2d 742, 745 n. 1 (8th Cir. 1974); *Barnes v. United States,* 347 F.2d 925, 928 (8th Cir. 1965).

Finally, appellant argues that because the trial judge briefly interrogated him when he took the stand in his own defense he was denied a fair trial. The record reflects that appellant's testimony was confusing and consisted chiefly of attempting to show that it was Marc Gorges who defrauded appellant of a large sum of money. The district judge clarified this theory when he asked appellant a series of questions developing the way in which Marc Gorges was supposedly able to benefit by a monetary float allegedly generated by him from the use of appellant's personal checks.

■ Rule 614(b) of the Federal Rules of Evidence specifically permits the trial judge to interrogate witnesses. Rule 611(a)(1) of the Federal Rules of Evidence imposes a duty on the trial court to make the interrogation of witnesses and presentation of evidence effective for the ascertainment of the truth. It is the trial court's duty to clarify the testimony of a witness in order to avoid any misunderstanding of the testimony by the jury. *United States v. Hauck,* 586 F.2d 1296, 1299 (8th Cir. 1978); *United States v. McColgin,* 535 F.2d 471, 475 (8th Cir.), *cert. denied,* 429 U.S. 853, 97 S.Ct. 145, 50 L.Ed.2d 128 (1976). The trial court was fair and impartial in its interrogation of appellant. Appellant was not denied a fair trial.

The appellant's conviction is affirmed.