**UNITED STATES of America, Appellee,**

v.

**Daniel P. FLEMINO, Appellant.**

No. 82–1388.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1982.

Decided Nov. 2, 1982.

**1264**

Meshbesher, Singer & Spence, Ltd., Ronald I. Meshbesher, Cheryl Divine, Minneapolis, Minn., for appellant.

James M. Rosenbaum, U.S. Atty., Ann D. Montgomery, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Sue Straka, Legal Intern, for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

## PER CURIAM.

Appellant, Daniel P. Flemino, was indicted in the United States District Court, District of Minnesota, Third Division, for fourteen counts of mail fraud and one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341 (1966) and 18 U.S.C. §§ 371 and 372 (1969). Flemino was found guilty by a jury on all counts. He files this appeal alleging: (1) no proof of use or reasonably foreseeable use of the mails; (2) error in instruction to the jury; (3) prosecutorial misconduct; (4) improper statement by witness; and (5) sentencing error. We find no error and affirm the conviction.

*Facts.*

The government alleged Flemino and three female coconspirators defrauded insurance companies through a scheme in which they bought used cars, made fraudulent application for insurance, destroyed the cars, filed false claim reports, and collected proceeds in excess of the actual value. There was also a related scheme whereby a burglary was staged and a claim submitted and paid by a homeowners policy for items the insured never owned.

The government proved that Flemino initially purchased used cars with high mileage. He then drove one of the female coconspirators to an insurance agency where she purchased an insurance policy. The value of the car and the odometer reading was falsified at the time of the application. Since payment was made at the time of application, the coconpirator became insured immediately. The cars were burned shortly after the policy became effective. The female coconspirator would then telephone her local agent and report the claim. . Flemino drove the coconspirator to pick up the check and paid her $150 to $200. Flemino kept the remaining proceeds.

The mailings in question consisted of those from the insurance agencies to their regional office. Some mailings were from the agent to the home office, others were mailings of the actual policies from the regional office to the agent, and one was a

claim file report sent by the field claims specialist to the home office. In virtually all cases the testimony indicated that it was standard office procedure to mail the applications to the home office.[1]

*Use of the Mails.*

Flemino contends that all contact between him and the insurance companies was of a personal nature, and consequently, no use of the mail occurred. He argues on appeal that since the insurance was effective on payment, all mailings occurred after the completion of the scheme. He therefore argues that he did not cause, intend, or reasonably foresee the use of the mails. We disagree.

In *Pereira v. United States,* 347 U.S. 1, 8–9, 74 S.Ct. 358, 362–363, 98 L.Ed. 435 (1954) the Supreme Court observed: "Where one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used." Use of the mails does not have to be an essential element but must be an "incident to an essential part of the scheme." *Id.* As stated in *United States v. Maze,* 414 U.S. 395, 399, 94 S.Ct. 645, 648, 38 L.Ed.2d 603 (1974), mailings are considered part of the scheme if they are "sufficiently closely related" to such scheme. The mailings must be a part of the execution of the fraud. *Maze,* at 405, 94 S.Ct. at 651. *See Parr v. United States,* 363 U.S. 370, 80 S.Ct. 1171, 4 L.Ed.2d 1277 (1960); *United States v. Boyd,* 606 F.2d 792, 794 (8th Cir. 1979). *United States v. Moss,* 591 F.2d 428 (8th Cir. 1979).

In the recent case of *United States v. Wrehe,* 628 F.2d 1079 (8th Cir. 1980), the court stated:

> We recognize that, for purposes of establishing the "mailing" requirement of 18 U.S.C. § 1341 ..., the government need not show that the defendant actually mailed ... the offending material; it is sufficient to prove that the defendant "caused" the mailing... *See, e.g., United States v. Cooper,* 596 F.2d 327, 330 (8th Cir. 1979); *United States v. Moss,* 591 F.2d 428, 436 (8th Cir. 1979). We also recognize that a defendant will be deemed to have "caused" the use of the mails ... if the use was the reasonably foreseeable result of his actions.

*Id.* at 1084–5.

We find Flemino caused the use of the mails and such use was reasonably foreseeable. In similar cases, it has been held that mailings between the local agents or brokers offices to the home offices were reasonably foreseeable. *United States v. Calvert,* 523 F.2d 895, 903–4 (8th Cir. 1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); *United States v. Minkin,* 504 F.2d 350, 353 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975); *Bannister v. United States,* 379 F.2d 750, 752–3 (5th Cir. 1967), *cert. denied,* 390 U.S. 927, 88 S.Ct. 862, 19 L.Ed.2d 988 (1968).

Flemino next urges that the mailing occurred after fruition or the object of the scheme had been completed. *See United States v. Maze,* 414 U.S. 395, 94 S.Ct. 645, 38 L.Ed.2d 603 (1974); *United States v. Kann,* 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944); and *United States v. Keenan,* 657 F.2d 41 (4th Cir. 1981). In these cases, however, it was held that the schemes had been completed and the benefits received before the mailings took place. Consequently, any subsequent mailings were simply incidental to the scheme and did not come within the purview of 18 U.S.C. § 1341 (1966).[2]

In the present case the evidence shows the scheme did not reach fruition until after the proceeds were received. The object of the scheme was not simply to make false application for insurance. The underlying

---

1. In only one case were the applications hand delivered, but in that instance, the policy was returned by mail.

2. The only exception to this rule is when the subsequent mailing is used to lull the party into a false sense of security, *Maze,* 414 U.S. at 403, 94 S.Ct. at 650, which is not at issue in this case.

motivation was to obtain the proceeds. Here, the fraud was not completed until Flemino and his coconspirators received the money. The mailings took place between the filing of the false applications and the receipt of the proceeds. Thus, it is clear the mails were in fact used in furtherance of this scheme prior to fruition.

Flemino's last contention regarding use of the mails involves the alleged lack of evidence that the mails were used. The record disputes this. There was ample testimony concerning routine business procedures to indicate the mailing of the applications, and the jury could infer that the applications were in fact mailed. *United States v. Minkin,* 504 F.2d 350, 353–4 (8th Cir. 1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1122, 43 L.Ed.2d 396 (1975). "Testimony as to office practice is sufficient proof of mailing." *United States v. Joyce,* 499 F.2d 9, 15 (7th Cir.), *cert. denied,* 419 U.S. 1031, 95 S.Ct. 512, 42 L.Ed.2d 306 (1974).

We find Flemino caused the use of the mails and the jury was entitled to find that his use of the mails was incident to an essential part of the scheme and sufficiently closely related to the execution of the scheme to bring Flemino's conduct within the ambit of the mail fraud statute.

*Error in Jury Instructions.*

■ Flemino argues that the trial court erred by failing to instruct that specific intent to use the mails is required to convict on the conspiracy count. In *United States v. Donahue,* 539 F.2d 1131 (8th Cir. 1976), the court stated:

**3.** The court reinstructed the jury as follows:
   THE COURT: All right, jurors, a couple of things and then we will put you to your task of deliberating.
   First, with reference to Count XV, I want to make sure that we understand what it is that is alleged in the indictment to have been the object of the conspiracy.
   . . . .
   So essentially the charge is that the defendant Flemino conspired with these others and that the object and purpose of the conspiracy was to willfully and knowingly use and cause the United States mails to be used in furtherance of a scheme and artifice to defraud.

[B]ut, where the charge is conspiracy to violate one of the statutes, the government must also show that the scheme contemplated the use of the medium in question. *Isaacs v. United States,* [301 F.2d 706 (8th Cir. 1962)] *supra,* and *Blue v. United States,* 138 F.2d 351 (6th Cir. 1943), *cert. denied,* 322 U.S. 736, 64 S.Ct. 1046, 88 L.Ed. 1570 (1944). *See also Fisher v. United States,* 324 F.2d 775 (8th Cir. 1963), *cert. denied,* 377 U.S. 999, 84 S.Ct. 1935, 12 L.Ed.2d 1049 (1964).

*Id.* at 1135.

In the present case, the trial judge read the instructions to the jury. The defense counsel then proposed an alternative instruction on the conspiracy to commit mail fraud charge. The trial court adopted this alternative instruction and reinstructed the jury.[3] Flemino made no further objections to this instruction. Consequently, he cannot assert this error on appeal. *United States v. Big Crow,* 523 F.2d 955, 960–1 (8th Cir. 1975), *cert. denied,* 424 U.S. 920, 96 S.Ct. 1126, 47 L.Ed.2d 327 (1976); *United States v. Hamlin,* 432 F.2d 905 (8th Cir. 1970); Federal Rules of Criminal Procedure 30, 52(b). After reviewing the instruction the court does not find plain error under Fed.R.Crim.P. 52(b); *United States v. Guy,* 456 F.2d 1157, 1164 (8th Cir.), *cert. denied,* 409 U.S. 896, 93 S.Ct. 136, 34 L.Ed.2d 153 (1972).

*Prosecutorial Misconduct.*

Flemino contends that during the rebuttal summation to the jury, the prosecutor stated that Flemino's two codefendants admitted to use of the mails, and that this caused him unfair prejudice.[4] In this case,

   So that you have in mind that that is what is alleged was the object of the conspiracy and I want you to keep in mind with reference to the elements. So that one of the overt acts which must have been done in furtherance of the object or purpose of the conspiracy was a conspiracy to commit mail fraud. Keep that in mind.
   Record at 992.

**4.** The statement reads as follows:
   MS. MONTGOMERY: Now, of course, Wanda Hall and Barbara Green have admitted to the use of the mails as a part of their scheme by their guilty pleas in this case to conspiracy to commit mail fraud.
   Record at 948.

both co-defendants had related their guilty pleas during the trial to the jury. No objection was made regarding this testimony at the time of trial. During summation the prosecutor did not argue that the coconspirators pled guilty and therefore Flemino was guilty, she only commented on the defendant's argument that there was no evidence of the use of the mails.

A prosecutor may not improperly use the guilty plea of a codefendant. *United States v. Little Boy*, 578 F.2d 211 (8th Cir. 1978). However, the government has the right to comment on arguments raised by the defense. *United States v. Librach*, 536 F.2d 1228, 1232 (8th Cir.), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976).

Although the remark may have been improper, it did not deprive Flemino of a fair trial. The remark was an isolated one in a seven day trial where ample evidence existed to find Flemino guilty, and he was not deprived of a fair trial. More importantly, the judge gave an appropriate cautionary instruction.

*Improper Statement by Witness.*

Flemino asserts that the trial court erred in not allowing his motion for a mistrial after a coconspirator testified that Flemino had perpetrated insurance fraud schemes "all over the country." Although the judge denied the motion for a mistrial, he immediately told the jury to disregard the statement and that Flemino was on trial only for the crimes alleged in the indictment. In a similar case this court held that where the testimony had been stricken and the court had admonished the jury, reversal was not required. *United States v. Taylor*, 603 F.2d 732, 735 (8th Cir.), *cert. denied*, 444 U.S. 982, 100 S.Ct. 487, 62 L.Ed.2d 410 (1979). Generally, the district court has the discretion to decide whether the trial was tainted and to declare a mis-

trial. *United States v. Maestas*, 554 F.2d 834, 839 (8th Cir.) *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977). We find no abuse of discretion in this regard.

*Sentence.*

Flemino's final contention is that a fifteen year sentence is unreasonable, since his coconspirator who pleaded guilty received probation and his other coconspirators were not charged at all.[5] The role of the court of appeals in reviewing a sentence is limited to determining whether defendant has presented "a clear and convincing case of abuse of discretion on the part of the sentencing judge or a patent violation of a constitutional guarantee * * *." *United States v. Wrehe*, 628 F.2d 1079, 1084 (8th Cir. 1980) *quoting Orner v. United States*, 578 F.2d 1276, 1280 (8th Cir. 1978).

There is no showing in this case of abuse of discretion. It is clear from the facts that Flemino was the chief perpetrator, organizer, and beneficiary of the scheme. His coconspirators played only small parts in the overall scheme. Consequently, it was not error to impose the fifteen year sentence on Flemino.

*Conclusion.*

After carefully reviewing Flemino's contentions on appeal, we are satisfied that they are without merit. Accordingly, we affirm the district court.

---

**5.** Flemino was sentenced as follows: for a period of five years on eight counts to run concurrently with each other; for a period of five years on six additional counts to run concurrently with each other; for a period of five years for one additional count. These three sets of five year sentences were to run consecutively with each other.