UNITED STATES of America, Appellee,

v.

Nicholas G. ROSANDICH, Appellant.

No. 83–2612.

United States Court of Appeals,
Eighth Circuit.

Submitted March 20, 1984.

Decided March 28, 1984.

Meshbesher, Singer & Spence, Ltd., Kenneth Meshbesher, Minneapolis, Minn., for Rosandich.

James M. Rosenbaum, U.S. Atty., by Richard E. Vosepka, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., Allen R. Brey, Legal Intern, for appellee.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Nicholas G. Rosandich pled guilty to conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341. For reversal he argues that the gross disparity between his sentence and that of a co-conspirator reflects an abuse of discretion.

Rosandich and co-conspirator Steven Allen overvalued a ballroom and misrepresented its contents so they could collect a large claim after the building was destroyed by fire. Facing the possibility of fifteen years in prison and $12,000 in fines, both men negotiated plea agreements with the government under which the government agreed to dismiss two counts and recommend maximum terms of one and two years for Allen and Rosandich respectively on the count remaining against each. Following its acceptance of the guilty pleas, the district court sentenced Allen to two years probation and Rosandich to two years imprisonment.

In sentencing questions this court will not substitute its judgment for that of the district court. *See Solem v. Helm,* —— U.S. ——, 103 S.Ct. 3001, 3009 n. 16, 77 L.Ed.2d 637 (1983); *United States v. Russell,* 724 F.2d 725, 726 (8th Cir.1984). A sentence is generally not subject to review unless it exceeds statutory limits, violates constitutional or procedural requirements, or reflects that the district court failed to exercise its discretion or manifestly or grossly abused its discretion. *United States v. Russell, supra,* 724 F.2d at 726; *see United States v. Flemino,* 691 F.2d 1263, 1267 (8th Cir.1982) (review is limited to " 'a clear and convincing case of abuse

of discretion' " or " 'a patent violation of a constitutional guarantee' "), *quoting Orner v. United States,* 578 F.2d 1276, 1280 (8th Cir.1978).

■ Rosandich's sentence reflects no such defects. His plea agreement complied fully with Federal Rule of Criminal Procedure 11. The district court reviewed a presentence report and the recommendations of a government probation officer before sentencing Rosandich. Nevertheless, Rosandich contends that his sentence was the product of the district court's animosity toward his counsel's law firm. We find no clear evidence of such bias and conclude that the district court properly exercised its discretion.

Accordingly, the judgment is affirmed.