**UNITED STATES of America, Appellee,**

v.

**Leonard A. YOUNG, Appellant.**

No. 84–2093.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 30, 1985.

Decided March 1, 1985.

Dennis L. Priebe, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Leonard A. Young appeals the District Court's [1] order revoking his probation and sentencing him to a term of two years' imprisonment. Young alleges that the District Court abused its discretion by revoking his probation for violations which had previously been the basis of an order modifying the conditions of his probation, and which were insufficient to support the revocation. For the reasons stated below, we affirm.

I.

In June of 1983, Young pleaded guilty to a violation of 18 U.S.C. §§ 2 and 1343. He received a three-year suspended sentence and was placed on probation for five years. The conditions of probation, *inter alia*, required Young (1) to remain within the judicial district unless he obtained the permission of his probation officer to leave; (2) to notify his probation officer of any change of residence; and (3) to participate in an alcoholism treatment program. Although his probation officer arranged for Young to participate in a free residential alcoholism treatment program and an Alcoholics Anonymous group, Young failed to attend either program.

Young subsequently requested and was denied permission to visit Chicago. However, he went to Chicago without permission and remained there for two months. While there, Young contacted his probation officer, who assured him that he would not be arrested for probation violations if he would return to St. Louis and agree to

1. The Hon. Clyde S. Cahill, United States Dis-      trict Judge for the Eastern District of Missouri.

participate in a residential alcoholism treatment program.[2] In April of 1984, Young returned to St. Louis and agreed to this modification of the conditions of his probation.[3] The District Court so modified the probation order,[4] and Young entered the Dismas Community Treatment Center program. However, after only a month, Young was expelled from the program for his poor attitude and lack of cooperation.

In July of 1984, Young was arrested for his probation violations. The alleged violations included Young's unauthorized trip to Chicago, his failure to notify his probation officer of this change of residence, his failure to participate in alcoholism aftercare, and his recent failure to complete the community treatment center program. On the basis of these violations, the District Court revoked Young's probation and sentenced him to a term of two years' imprisonment. This appeal followed.

## II.

The decision to revoke probation is within the discretion of the District Court and is " 'reviewable only upon a showing of abuse of discretion.' " *United States v. Wickenhauser*, 710 F.2d 486, 487 (8th Cir.1983) (quoting *United States v. Rifen*, 634 F.2d 1142, 1144 (8th Cir.1980)). Revocation of probation is appropriate if enough evidence exists for the District Court to conclude that the probationer failed to satisfy the conditions of his probation. *United States v. Burkhalter*, 588 F.2d 604, 606 (8th Cir.1978).

Young asserts that the District Court abused its discretion in basing the revocation decision on violations which had previously been considered in its order modifying the conditions of his probation. Because consideration of these violations

resulted in a modification order, Young contends that the District Court waived the right to base its revocation decision on the same violations. We disagree. The determination of which factors to consider in reaching a probation revocation decision is clearly within the discretion of the District Court. *Burkhalter, supra*, 588 F.2d at 606[5]. As the government notes, each of the violations occurred within ten months of the revocation order, so the conduct considered was not stale. Moreover, coupled with his recent failure to complete the community treatment center program, the violations demonstrated Young's continuing failure to comply with the conditions of probation. For these reasons we conclude that the District Court properly considered all of Young's probation violations in the revocation decision. The District Court's initial decision to modify rather than revoke probation was conditioned on Young's undertaking to avail himself of residential treatment. When he failed to carry out this undertaking successfully, the Court was justified in considering anew his previous violations.

This Court has also determined that probation revocation is appropriate only if the probationer's behavior demonstrates that he "cannot be counted on to avoid antisocial activity," and is not warranted by the mere accumulation of technical violations. *United States v. Reed*, 573 F.2d 1020, 1024 (8th Cir.1978) (citation omitted). Young alleges that the violations considered by the District Court are technical and insufficient to warrant revocation. He asserts that his inability to complete any of the alcoholism programs does not evidence antisocial behavior, and cites his cooperation in contacting his probation officer from Chicago and returning to St. Louis as evidence of his

---

**2.** The original conditions of parole did not require Young to participate in a *residential* alcoholism program.

**3.** The Petition for Probation Action submitted to the District Court stated, in part, "[i]n lieu of revocation of probation ... conditions of probation [should] be modified to provide for subject to reside and participate in a Community Treatment Center."

**4.** The probation violations cited as the basis for modifying the conditions of probation included Young's leaving the judicial district without permission; his failure to notify the probation officer of this change of residence; and his failure to participate in alcoholism aftercare.

**5.** For example, in this case Judge Cahill decided not to base the revocation on Young's failure to make restitution or his failure to take care of his outstanding arrest warrants.

ability to comply with the conditions of probation.

In opposition the government contends that sufficient evidence existed to revoke probation in April of 1984, but the District Court instead gave Young an additional opportunity to comply with the conditions of probation. The government further submits that the violations were substantial and justified the revocation decision. We agree. In a factually similar case, this Court held that probation revocation was justified where the probationer's violations were his failure to complete two alcoholism treatment programs and travelling outside the judicial district without notifying his probation officer. *United States v. Faust*, 680 F.2d 540, 542–43 (8th Cir.1982). In light of this decision, we conclude that the District Court did not abuse its discretion in revoking Young's probation.

Accordingly, the order of the District Court is affirmed.