**UNITED STATES of America, Appellee,**

v.

**Steven Allan GOELLER, Appellant.**

**No. 86–5261.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1986.

Decided Dec. 23, 1986.

Rehearing and Rehearing En Banc
Denied Jan. 23, 1987.

James Smith, Valley City, N.D., for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before FAGG and BOWMAN, Circuit Judges, and TIMBERS,* Senior Circuit Judge.

BOWMAN, Circuit Judge.

Steven Allan Goeller appeals from the District Court's [1] order revoking his probation and committing him to the custody of the Attorney General for a term of not more than one year. We affirm the District Court's order.

In 1977, Steven Goeller borrowed funds from the Commodity Credit Corporation (CCC) and purchased a quonset farm storage unit, which he placed on his farm property. The CCC repossessed the unit in 1984 and sold it to the Agricultural Stabilization and Conservation Service (ASCS) in 1985. After the sale, but before the quonset was removed from Goeller's property, it was seriously damaged when Goeller repeatedly rammed it with a tractor.

A grand jury indicted Goeller, charging him under 18 U.S.C. § 1361 with damaging government property valued in excess of $100. Counsel was appointed for Goeller, and on November 6, 1985, he appeared before Judge Benson and entered a guilty plea to a reduced charge of damaging government property valued at less than $100. At this hearing, the District Court ordered that Goeller undergo a preliminary psychiatric evaluation before sentencing.

On December 27, 1985, following the preliminary evaluation, Goeller appeared before Judge Benson for sentencing. In light of the evaluation, the court suspended sentence and imposed two years probation. Goeller's probation was subject to both general conditions and to a special condition requiring that if Goeller were determined to be in need of psychiatric or psychological counseling, he would enter a counseling program designated by his supervising probation officer.

Pursuant to the special condition, Goeller's probation officer attempted to schedule a consultation appointment for a psychological evaluation. On at least three occasions in January, February, and March of 1986, Goeller failed to appear for scheduled appointments. Further, he violated the general conditions of his probation by failing to notify the probation office of at least two changes of residence during this period and by failing to complete and file required monthly reports.

In light of these occurrences, the District Court entered an order on March 27, 1986 revoking Goeller's probation pursuant to 18 U.S.C. § 3653 and committing Goeller "to the custody of the Attorney General of the United States for the maximum term of one year and for a study including a psychiatric evaluation and investigation to determine the possibility of organic overlay to his condition." Record at 14. The order further stated, "The evaluation and study should include treatment and, if indicated, a recommendation for psychotropic medications and ongoing therapy." *Id.* It recommended that Goeller be committed to the Federal Medical Center (FMC) in Rochester, Minnesota. *Id.*

On June 30, 1986, Goeller appeared before Judge Benson for final sentencing in light of the results of the FMC evaluation

---

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the United States Court of Appeals, Second Circuit, sitting by designation.

1. The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

ordered on March 27, 1986. The court committed Goeller to the custody of the Attorney General and ordered Goeller to serve the sentence of imprisonment imposed on March 27, 1986. The Court further "recommended that the defendant be re-designated to the [FMC]" and "directed that he be administered such anti-psychotic psychotropic medication as in the opinion of the treating physician is required." Record at 15.

On July 15, 1986, the District Court was notified by the warden of the FMC that its psychiatric report (which was the basis for the court's having ordered the administration of psychotropic medication) had been in error. The medical center filed an amended report. On the basis of this amended report, the court on July 17, 1986 vacated the portion of its June 30, 1986 order directing that Goeller be administered anti-psychotic medications. Record at 19, 20.

Goeller raises two issues on appeal. First, he challenges the propriety of the District Court's revocation of his probation, and, second, he urges that the particular sentence imposed upon such revocation violates his Eighth Amendment rights.

■ "Probation and the conditions upon which it is granted as well as its revocation are within the discretion of the trial court and are reviewable only upon a showing of abuse of discretion." *United States v. Rifen*, 634 F.2d 1142, 1144 (8th Cir.1980) (per curiam) (citing *United States v. Alarik*, 439 F.2d 1349, 1351 (8th Cir.1971)). "In order to justify a revocation order '[a]ll that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation.'" *United States v. Burkhalter*, 588 F.2d 604, 606 (8th Cir.1978) (quoting *United States v. Garza*, 484 F.2d 88, 89 (5th Cir.1973)). In the case before us, Goeller clearly violated several conditions of his probation. He failed to meet the general conditions in that he did not notify the probation office of his changes of address or submit monthly report forms. By ignoring his counseling appointments, he failed to meet the special condition of submitting to psychological evaluation. In view of these violations, the District Court's revocation of Goeller's probation was not an abuse of discretion.

■ Goeller argues that the particular sentence imposed at the revocation constitutes cruel and unusual punishment. To the extent that this argument is based upon the order requiring involuntary administration of medication, this claim is mooted by the later order vacating the portion of the earlier order that directed the administration of medication. The only aspect of Goeller's claim that is before this Court is whether the sentence imposing a one-year term of treatment at the FMC is somehow invalid.

■ "A sentence is generally not subject to review unless it exceeds statutory limits, violates constitutional or procedural requirements, or reflects that the district court failed to exercise its discretion or manifestly or grossly abused its discretion." *United States v. Rosandich*, 729 F.2d 1512, 1512 (8th Cir.1984) (per curiam). Goeller pleaded guilty under 18 U.S.C. § 1361 to the charge of destroying government property valued at less than $100. Under this statute, the maximum sentence is a fine of $1,000 and/or one (1) year in jail. The sentence imposed upon Goeller is thus well within the statutory limits. Moreover, the District Court was authorized to impose sentence at the time of the revocation of probation notwithstanding the previous suspension of sentence, 18 U.S.C. § 3653, and it is plain that the District Court neither failed to exercise nor abused its discretion in sentencing Goeller to a one-year term of incarceration. "In sentencing questions this court will not substitute its judgment for that of the district court." *Rosandich*, 729 F.2d at 1512.

Appellant further argues that he was denied due process because the District Court failed to consider alternatives to incarceration before revoking his probation. *See Black v. Romano*, 471 U.S. 606, 105

S.Ct. 2254, 85 L.Ed.2d 636 (1985). Although it is not clear that either *Romano* or *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), establishes any duty to consider such alternatives that extends to cases like the present one, we nevertheless are satisfied that Judge Benson fairly considered the limited alternatives available in this case. The order of March 27, 1986 explained the evidence supporting the revocation and set forth the Court's reasoning in imposing the sentence it did. "[T]he fairness guaranteed by due process does not require a reviewing court to second-guess the factfinder's discretionary decision as to the appropriate sanction." *Romano*, 471 U.S. at 613, 105 S.Ct. at 2259. The District Court's imposition of a one-year term of incarceration therefore is affirmed.

Goeller has raised various additional issues that are not properly before this court. Specifically, his claims of ineffective assistance of counsel, acceptance of an involuntary guilty plea, and use of a psychological evaluation without a warning that information obtained might be used against him, all arise out of his conviction and sentencing in the fall of 1985. He did not appeal his conviction or his initial sentence, and the time for doing so has expired. Fed.R.App.P. 4(b). None of these additional claims can be considered on this appeal from the order of the District Court revoking his probation and imposing a one-year term of incarceration.

The District Court's order is affirmed.