851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Patricia Ann THOMAS, Appellant.
 No. 87-3039.
 United States Court of Appeals, District of Columbia Circuit.
 May 17, 1988.
 
 Before MIKVA, STARR and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for a published opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (Aug. 1, 1987). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that the judgment of the District Court appealed from in this cause is hereby affirmed. It is
 
 
 3
 FURTHER ORDERED, by the Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (Aug. 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 This is an appeal from an order revoking Patricia Ann Thomas' probation. Thomas contends that the District Court abused its discretion in determining that various violations of her probation conditions warranted revocation. We disagree and affirm.
 
 
 5
 In May 1984, Thomas pled guilty to one count of forging a physician's signature on certain workmen's compensation forms. The District Court sentenced Thomas to a term of one to three years' incarceration, suspended execution of all but thirty days of the jail term, and imposed a period of two years' probation. During her probationary period, Thomas was to pay restitution of approximately $6,700 and to report monthly to her probation officer.
 
 
 6
 Almost from the outset, Thomas was in violation of the terms of her probation. She failed to report during four of the first eight months, despite her probation officer's repeated visits to her home to encourage improvement in her performance. Thomas also made no restitution payments, advancing as the reason her inability to obtain a job. Although she in fact had secured employment, she had lost her job after only one month by virtue of repeated absences. Thereafter, Thomas failed to attend employment assistance interviews provided by the Probation Office. Faced with this record, the United States Probation Office in April 1985 initiated a compliance hearing before the District Court. The trial court elected to continue Thomas' probation, but admonished her to improve her performance.
 
 
 7
 In January 1986, the Probation Office requested a second compliance hearing, recommending that the court consider revocation. Although Thomas had significantly improved her reporting record, she continued to fall far short of her restitution obligation, having paid a total of only $33. Thomas also continued to be "less than cooperative" with the Probation Office in its efforts to help her find work. Despite this record, the District Court once again denied the Government's motion for revocation. In an attempt to enhance Thomas' ability to meet her obligations, the court extended her term of probation for an additional two years and required her to perform 100 hours of community service when she was not fully employed.
 
 
 8
 In January 1987, the Probation Office returned once more to the District Court. In the intervening period, Thomas had failed to report to the Probation Office in four of the preceding twelve months and had paid only $53 in restitution. Although she had been unemployed for seven of the intervening twelve months, she had performed no community service. By the time the District Court held the compliance hearing in May 1987, Thomas had paid a total of only $170 in restitution and completed only sixteen hours of community service. According to the testimony of Thomas' probation officer, her efforts to find a job had not improved.
 
 
 9
 Based on the foregoing, the District Court found that Thomas had failed to comply with the reporting, restitution, and community service conditions of her probation. Accordingly, the court ordered her probation revoked and subsequently sentenced her to a one-year term of incarceration, with credit for the thirty days already served.
 
 
 10
 In reviewing the District Court's order, we are mindful that, under settled principles, the delicate question whether to revoke probation is entrusted for resolution to the sound discretion of the trial court. It is, of course, the trial judge who is best situated to determine, under the totality of the circumstances, what remedial action is appropriate. Absent a showing of abuse of discretion, which is obviously a daunting legal standard, an order revoking probation may not be disturbed on appeal. Hurt v. United States, 374 F.2d 283, 283-84 (D.C.Cir.1966). See also United States v. Goeller, 807 F.2d 749, 751 (8th Cir.1986); United States v. Babich, 785 F.2d 415, 418 (3d Cir.), cert. denied, 107 S.Ct. 123 (1986). More specifically, the district court may appropriately revoke probation if there is sufficient evidence to indicate that the probationer has not complied with the terms and conditions imposed. Goeller, 807 F.2d at 751. In light of the evidence, the court must be "reasonably satisfied" that the probationer has violated the terms of his or her probation. Babich, 785 F.2d at 418.
 
 
 11
 Our review of the record satisfies us that the District Court's findings were adequately supported. Contrary to Thomas' assertion, the evidence indicated that she was not in substantial compliance with various conditions. As described above, Thomas missed almost one-third of her reporting appointments during the approximately three years she was on probation. She disregarded her community service requirement until three weeks before the final compliance hearing. Finally, she paid but a fraction of the amount owed under of the order of restitution.
 
 
 12
 In this latter respect, we see no indication of a forbidden automatic revocation of probation by virtue of a failure to effect restitution. To the contrary, Thomas testified at the compliance hearing as to the reasons for her default. It was only after this hearing that Judge Johnson concluded that Thomas had not made a bona fide effort to meet her restitution obligation. Cf. Bearden v. Georgia, 461 U.S. 660, 672 (1983) ("If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay [restitution], the court may revoke probation and sentence the defendant to imprisonment...."). There was no Bearden violation in these proceedings.
 
 
 13
 We observe, in closing, that the District Court properly looked to the entirety of Thomas' record of performance in reaching the decision at issue. We cannot agree with the assertion, although ably advanced, by appellant's counsel that only violations from the date of the most recent revocation or compliance hearing should be taken into account. It was certainly within the District Court's sound discretion to examine the entire set of circumstances in coming to a difficult and sensitive decision of this sort.
 
 
 14
 For the foregoing reasons, we conclude that the District Court did not abuse its discretion. A judgment order will issue accordingly.