68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Dennis Lee GOTT, Appellant.
 No. 95-1723
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Sept. 12, 1995.
Filed: Oct. 5, 1995.
 
 Before WOLLMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's[1] revocation of Dennis Lee Gott's probation on March 8, 1995. On April 2, 1994, Gott was placed on five years probation for escape, 18 U.S.C. Sec. 751(a). Gott's probation was revoked, and a sentence of thirty months imposed, for the following violations of the conditions of his probation:
 
 
 2
 (1) Knowingly possessing marijuana, a controlled substance;
 
 
 3
 (2) Knowingly possessing a firearm;
 
 
 4
 (3) Changing his address without adequate notice;
 
 
 5
 (4) Failing to truthfully answer his probation officer's questions;
 
 
 6
 (5) Failing to comply with his probation officer's directives; and
 
 
 7
 (6) Associating with a convicted felon.
 
 
 8
 Gott appeals the revocation, claiming that the district court abused its discretion by revoking probation upon insufficient evidence that he violated his conditions of probation, or, alternatively, that his violations were merely technical. We affirm the district court's judgment.
 
 I. FACTS
 
 9
 On September 30, 1994, Gott made a scheduled visit to probation officer Raoul Williams in Cape Girardeau, Missouri, where Gott was to provide a urine sample for drug testing. Gott brought a one-year-old girl with him to the office, but refused to tell Williams the child's name. Gott later identified the child as his girlfriend's niece. Gott left Williams' office without providing a urine sample or complying with Williams' request for the child's identity.
 
 
 10
 On October 28, 1994, Gott again met with Williams, and told him that he had changed his residence two weeks before. A condition of Gott's probation was to report any change in residence to his probation officer within seventy-two hours.
 
 
 11
 On November 18, 1994, Gott met with Williams at the Stoddard County Jail in Dexter, Missouri. After the meeting, Gott was followed by Stoddard County Deputy Sheriff Dennis Fowler and, in a separate vehicle, by Williams. Fowler observed Gott talking to Sherrill Daniels, a convicted felon, at a gas station in Bloomfield, Missouri. Gott, in a 1993 pickup truck, followed Daniels' vehicle as it left the gas station. Eventually, both vehicles went down a gravel road. Fowler observed the two vehicles parked on the side of the road and Daniels and Gott standing outside of their vehicles. Fowler approached them, and smelled what he believed was marijuana smoke. Williams then arrived, but did not smell any marijuana. Upon a search of the truck Gott was driving, a cigarette butt (which was subsequently tested and found to be marijuana) was discovered on the floor of the cab. A .22 caliber rifle and bags of .22 and other caliber ammunition were found behind the truck's seat, partially hidden by a blanket.
 
 
 12
 The truck and the rifle both belonged to Gott's father. Gott had been using the truck off and on for approximately five months. The rifle had been in the truck throughout the entire period of Gott's use. At the revocation hearing, Gott's father testified that he had never told Gott about the weapon. Gott testified that he had no knowledge of the rifle, marijuana, or Daniels' status as a felon, and that he had misspoken when he told Williams that he had moved two weeks before notifying him. Williams testified that Gott told him that he knew that Daniels was a convicted felon, but Gott denied having said this.
 
 II. STANDARD OF REVIEW
 
 13
 The revocation of probation is reviewed for abuse of discretion. United States v. Shangreaux, 897 F.2d 939, 941 (8th Cir.1990). Revocation of probation requires only "enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." United States v. Goeller, 807 F.2d 749, 751 (8th Cir.1986) (quotations omitted). The violation of probation conditions must be substantial; "probation revocation is appropriate only if the probationer's behavior demonstrates that he cannot be counted on to avoid antisocial activity, and is not warranted by the mere accumulation of technical violations." United States v. Young, 756 F.2d 64, 65 (8th Cir.1985) (quotations omitted).
 
 III. DISCUSSION
 
 14
 Both Gott's possession of a firearm and his possession of marijuana are substantial violations of the conditions of his probation and require revocation of probation. Further, Gott associated with a convicted felon, failed to notify his probation officer of a changed residence within seventy-two hours, failed to provide a required urine sample, and failed to answer his probation officer's questions about a one-year-old girl's identity. These are not mere technical violations; a convicted felon's association with other felons and his wilful and direct refusal to answer his probation officer's questions regarding a small child, under these circumstances, raises significant questions concerning the felon's ability to avoid "antisocial activity." Id. at 65. Similarly, we will not dismiss as unimportant the government's interest in ensuring that the location and drug-free status of felons on probation are ascertainable at all times.
 
 
 15
 Gott's arguments that he did not know that Daniels was a convicted felon, nor that either a gun or marijuana were in the truck he was driving, and that he in fact reported his residence change within twenty-four hours were rejected by the district court. The district court was in the best position to determine the credibility of witnesses, and did not find Gott to be credible. The record amply supports the district court's findings of fact, and we hold that the district court did not abuse its discretion in finding that Gott violated the conditions of his probation.
 
 
 16
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri