United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-3166

_____

United States of America,                    *
                                             *
              Appellee,                      *
                                             *    Appeal from the United States
         v.                                  *    District Court for the Western
                                             *    District of Missouri.
Vicky Lee Kendrick,                          *
                                             *    [UNPUBLISHED]
              Appellant.                      *

_____

Submitted: October 15, 1997
    Filed: November 10, 1997

_____

Before McMILLIAN, FLOYD R. GIBSON, and BEAM, Circuit Judges.

_____

PER CURIAM.

Vicky Lee Kendrick appeals the district court's[1] revocation of her probation. Counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967) and Kendrick filed a supplemental brief pro se. We affirm.

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

## I.     BACKGROUND

In 1994, Kendrick pled guilty to distributing methamphetamine and was sentenced to a four year term of probation.  While serving her sentence, Kendrick violated the conditions of her probation by continuing to use illegal drugs as evidenced by her ten positive drug tests.  In 1996, the government moved to revoke Kendrick's probation.  A hearing was held on that motion, at which the court continued Kendrick's probation with additional conditions, but warned Kendrick that "if you appear before this Court again, the Court will have no alternative but to revoke your period of supervised release."  Four months later, Kendrick again tested positive for methamphetamine.  The district court, after a hearing, revoked Kendrick's probation, and resentenced her to a six month term of incarceration followed by two years of supervised release.

## II.     DISCUSSION

In his Anders brief, counsel argues that the district court abused its discretion in revoking Kendrick's probation.  Counsel points to Kendrick's academic success while attending a local junior college, and characterizes her positive drug tests as technical violations of probation that do not justify revocation.  See United States v. Young, 756 F.2d 64, 65 (8th Cir. 1985).  However, Kendrick's violations were numerous and substantial, demonstrating that "[s]he cannot be counted on to avoid antisocial activity." Id. (quotation omitted).  Kendrick's continued drug use justifies the district court's revocation of probation.

In her pro se submission, Kendrick asserts a violation of the ex post facto clause of the United States Constitution, directing our attention to United States v. Dozier, 119 F.3d 239 (3d Cir. 1997).  The ex post facto clause prohibits the government from passing a law that increases the punishment for a crime after it has already been committed.  In Dozier, for example, the appellant committed his crime in 1992 while

the statute under which he was resentenced was not enacted until 1994. See id. at 241. That is not what happened to Kendrick. The code provision under which Kendrick was resentenced is 18 U.S.C. § 3565(a)(2), which was enacted by Congress in 1984. See Pub. L. No. 98-473, 98 Stat. 1995 (codified as amended at 18 U.S.C. § 3565). Kendrick committed her original crime in 1993. Thus, Congress did not increase the punishment for Kendrick's crime after it had been committed,[2] and her resentencing does not violate the ex post facto clause.

## III.   CONCLUSION

We have carefully scrutinized the record, and can find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988). The revocation of Kendrick's probation is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Section 3565 was amended in 1994, but that amendment did not increase Kendrick's punishment upon resentencing. See Pub. L. No. 103-322, 107 Stat. 2017 (codified as 18 U.S.C. § 3565(a)(2)).