# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2301

_____

United States of America,

        Appellee,

        v.

Marsha Ann Leigh, also known as
Ann Leigh, also known as Marsha
Ann Larson, also known as Marsha
Clay, also known as Marsha Wilcox,
also known as Marsha Eakins, also
known as Marsha Mulligan, also
known as Marsha Morgan, also known
as Ann Moran,

        Appellant.

Appeal from the United States
District Court for the Southern
District of Iowa.

[TO BE PUBLISHED]

_____

Submitted: November 13, 2001

Filed: January 15, 2002

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

Marsha Ann Leigh, sometimes known as the "wolf-lady" of Glenwood, Iowa, appeals the nine-month prison sentence imposed on her by the district court[1] after she violated the terms of her probation.  We affirm.

## I.

Leigh bred several species of exotic animals, especially hybrid wolves.  She was alleged to have misrepresented to buyers the wolves' health, pedigree and age, which spawned a government investigation.  Leigh was eventually indicted on charges of committing mail and wire fraud and witness tampering.  She pled guilty to one of the witness tampering counts pursuant to a plea agreement.  As part of this agreement, Leigh agreed to pay restitution to the victims of the fraud counts, which were dismissed in exchange for her plea.

On June 2, 2000, the district court sentenced Leigh to 3 years of probation and imposed the following conditions: (1) pay restitution in the amount of $14,418.25; (2) submit to a mental health evaluation and participate in treatment, if necessary; (3) not possess any type of computer system with dial-out capacity, and not have access to any type of on-line computer service; and (4) refrain from participating in the marketing of any type of domestic animals.  On April 4, 2001, the probation officer reported violations of Leigh's probation, specifically, conditions (1) and (2) outlined above.  A hearing on these alleged violations was held on May 18, 2001, during which the probation officer, Leigh and one of Leigh's attorneys testified. The district court revoked Leigh's probation because she failed to make restitution payments, failed to make a good faith effort to pay any restitution, and failed to obtain a mental health evaluation.  Leigh was sentenced to 9 months incarceration at a federal women's medical facility in Texas.

---

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

II.

The revocation of probation is reviewed for an abuse of discretion. United States v. Shangreaux, 897 F.2d 939, 941 (8th Cir. 1990). Revocation of probation requires only "enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." United States v. Goeller, 807 F.2d 749, 751 (8th Cir. 1986) (quotations omitted). The violation of probation conditions must be substantial. "Probation revocation is appropriate only if the probationer's behavior demonstrates that he cannot be counted on to avoid antisocial activity, and is not warranted by the mere accumulation of technical violations." United States v. Young, 756 F.2d 64, 65 (8th Cir. 1985) (quotations omitted).

The district court found Leigh violated the terms of probation by failing to pay restitution and failing to make a good faith effort to pay any of it. The court noted the $125 monthly payment plan was a minimal amount and Leigh had resources available from which she could have paid restitution. The court found Leigh used available funds to satisfy other priorities rather than attempting to make minimal payments towards restitution. Leigh does not dispute she has failed to pay the court-ordered restitution. She argues, however, that she is financially unable to pay the restitution, specifically asserting that she is indigent. Leigh emphasizes the district court did not order her to pay a fine at the time of her sentencing, and contends her only source of money is a $515 disability check she receives monthly from the Social Security Administration.

Courts may revoke probation when a probationer has willfully refused to pay restitution, provided she has the ability to pay, or has failed to make sufficient bona fide efforts to acquire the resources to pay the restitution. Bearden v. Georgia, 461 U.S. 660, 668-69 (1983). Here, the record reflects Leigh willfully refused to pay any restitution, and did not make a good faith effort to compensate her victims despite her

ability and promise to do so.  Leigh's claim that she lacked the resources to pay the restitution is not supported by the record.  Indeed, the probation officer testified that Leigh submitted a written monthly report including a financial statement, and provided receipts from her expenditures.  Based on this information it was determined that Leigh spent approximately $3,000 per month on food for her animals.  Thus, Leigh's own expenditures and financial statement filed with the probation officer belie her claim she used her husband's money to purchase the animal food.  Furthermore, Leigh was unable to explain how she paid $8,000 in legal fees to an attorney in an unrelated matter, and $1,000 and $100 to various doctors (even assuming she obtained the money from her husband) but has been unable to make good on a $125 monthly restitution payment, or at the very least pay a portion of that amount to demonstrate a good faith effort.  It is noteworthy that Leigh never provided the probation officer with any documentation to support her claim she was financially unable to pay the restitution.  Leigh never asked that the monthly payment plan of $125 be modified.[2]

Leigh raises the point that the court did not make her pay a fine at the time of her sentencing.  She claims this reflects her inability to pay and infers it was inconsistent for the district court to order restitution.  But fines and restitution are different and are treated differently both by the Sentencing Guidelines and the United States Code.  The Code directs a court to impose a fine in a particular case "only to the extent that such fine . . . will not impair the ability of the defendant to make restitution."  18 U.S.C. § 3572(b).  The Guidelines similarly require a court to consider any restitution that a defendant is obligated to pay before it orders a fine.

---

[2]The probation officer testified Leigh refused outright on several occasions to pay the restitution because the district court had no authority to impose such a condition.  In revoking her probation, the district court noted Leigh has "basically thumbed her nose at the legal system, the whole process, and has told us where we can go.  We've made every attempt to accommodate her, and I'm at the end of the road."  Revocation Hear. Tr. 143.

U.S.S.G. § 5E1.2(d)(4) (2001).  Neither the record nor the parties' briefs indicate why the district court did not impose a fine on Leigh.  Nevertheless, the record on appeal demonstrates Leigh had resources upon which she could draw to make the $125 monthly restitution payment, or at the very least make a minimal payment to evince a good faith effort to pay the court-ordered restitution.  The district court did not abuse its discretion in finding Leigh violated this condition of her probation.

Because it was sufficient for the district court to revoke Leigh's probation based on her failure to pay restitution, we need not address the additional basis upon which the district court revoked Leigh's probation—Leigh's failure to comply with the court's order that she obtain a mental health evaluation.  For the reasons set forth above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT