# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3380

———————

United States of America,

      Appellee,

v.

Phillip Nelson Suddarth,

      Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

———————

Submitted: July 22, 2005
Filed: July 26, 2005

———————

Before MELLOY, MAGILL, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Phillip Suddarth appeals the district court's[1] revocation of his probation and imposition of a term of imprisonment. We affirm.

Suddarth pleaded guilty to making a false statement, in violation of 18 U.S.C. § 1001(a)(2), and was sentenced to 3 years probation. The district court later revoked probation and sentenced Suddarth to 6 months in prison and 2 years supervised release, after finding that Suddarth had violated the terms of his probation. On

———————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

appeal, counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court should have ordered a drug treatment program rather than to revoke probation and impose a period of incarceration.

The argument in the <u>Anders</u> brief fails. We find no abuse of discretion in the district court's decision to revoke probation. <u>See</u> <u>United States v. Leigh</u>, 276 F.3d 1011, 1012 (8th Cir. 2002) (per curiam) (standard of review). At the revocation hearing, Suddarth admitted that he had violated the terms of his probation, <u>see</u> <u>United States v. Young</u>, 756 F.2d 64, 65 (8th Cir. 1985), and there is nothing in the record to suggest the court felt bound to revoke probation rather than to order additional drug treatment, <u>see</u> U.S.S.G. § 7B1.4, p.s., comment. (n.6). Further, the sentence imposed was within the advisory range suggested by the Sentencing Guidelines. <u>See</u> 18 U.S.C. §§ 3565(a)(2), 3553(a).

Having reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we affirm, and we also grant counsel's motion to withdraw.

_____